**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-6520**

───────────

EDWARD J. MERCER,

          Petitioner - Appellant,

     v.

WARDEN DAVID BALLARD,

          Respondent - Appellee.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, Chief District Judge.  (2:12-cv-00040-JPB-DJJ)

───────────

Submitted:  July 30, 2014            Decided:  August 13, 2014

───────────

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Edward J. Mercer, Appellant Pro Se.  Robert David Goldberg, Assistant Attorney General, Silas B. Taylor, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward J. Mercer seeks to appeal the district court's April 9, 2013 order declining in part to adopt the magistrate judge's report and recommendation and dismissing several of his 28 U.S.C. § 2254 (2012) claims as untimely under the Anti-Terrorism and Effective Death Penalty Act. The April 9, 2013 order became final upon the district court's ruling, on August 3, 2013, on the remainder of Mercer's § 2254 petition. We dismiss the appeal for lack of jurisdiction because the April 3, 2014 notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court disposed of the last of Mercer's § 2254 claims by final order entered on August 2, 2013. Mercer filed his notice of appeal on April 3, 2014,[*] outside the thirty-

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

day appeal period. Mercer's filing of a motion to alter or amend judgment under Federal Rules of Civil Procedure 59(e) and 60, filed on March 20, 2014, did not toll the thirty-day appeal period. See Fed. R. App. P. 4(a)(4)(A)(iv), (vi); Fed. R. Civ. P. 59(e).

Because Mercer failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3